CHARLES RICHARDS, plaintiff in error, vs. CHARLES M. GRAHAM, defendant in error.—*Judgment affirmed.* THOMAS L. WELLS, for plaintiff in error; T. E. TOMLINSON, for defendant in error.

This was an action of assumpsit: the plaintiff declared upon the money counts, and for goods, work and materials generally; and in his bill of particulars, served upon the defendant's attorney, he claimed, besides a small amount for extra work, the sum of $180, as amount due to plaintiff as agreed upon for finishing three houses in Eleventh street, in the city of New York, for the defendant.

The defendant pleaded the general issue, payment and notice of set-off; to the pleas of payment the plaintiff replied and joined issue. The cause was tried in the Superior Court in New York, in 1842. The jury rendered a verdict for the plaintiff for $70.06. There was a disputed point upon the trial, arising from the terms of the contract, upon which contradictory evidence was given; that was, whether the plaintiff was to receive some $93 of rent due from one Downing (his brother-in-law) to the defendant, as part payment of the contract price, $180, or whether he was to receive $180 besides the rent. The judge allowed the plaintiff to give evidence of the value of the work done by him, although the evidence was objected to as irrelevant and improper, on the ground that the work was by special agreement to be done for $180.

The Supreme Court (BEARDSLEY, Justice) held that the disputed question respecting the contract as to the allowance of rent was fairly put to the jury to ascertain how it was in that particular. They having disposed of it by their verdict, there was no ground of complaint in that respect. But held, that the evidence admitted to prove the value of the work done was erroneous, because the plaintiff was not seeking to recover

on a *quantum meruit* for work and labor done by him; for the cause proceeded upon and was tried on the assumption or virtual concession that some particular price had been agreed upon between the parties. For this reason the judgment of the Superior Court was *reversed*. (Not reported.)